Combined Unanimous Written Consent of the
**Boards of Directors of**

**William Lyon Homes**, a Delaware corporation,
and
**William Lyon Homes, Inc.**, a California corporation,

**And their Subsidiaries:**

**California Equity Funding, Inc.**
**Duxford Financial, Inc.**
**HSP, Inc.**
**PH – LP Ventures**
**PH Ventures – San Jose**
**PH-Reilly Ventures**
**Presley CMR, Inc.**
**Presley Homes**
**and**
**Sycamore CC, Inc.**
each a California corporation,
and
**William Lyon Southwest, Inc.**, an Arizona corporation,

**The General Partners of**
**WLH Enterprises**, a California general partnership

**The Sole Member of**
**Lyon Waterfront, LLC**, a Delaware limited liability company,

**The Manager of**
**Circle G at the Church Farm North Joint Venture, LLC**
an Arizona limited liability company,

**The Managing Member of**
**Duxford Insurance Services, LLC**, a California  limited liability company,
**Laguna Big Horn, LLC**, a Delaware  limited liability company,

and

**The Managing Member and the Sole Member of**
**Cerro Plata Associates, LLC**, a Delaware limited liability company,
**Lyon East Garrison Company I, LLC**, a California limited liability company,
**Mountain Falls Golf Course, LLC**, a Nevada limited liability company,
**Mountain Falls, LLC**, a Nevada limited liability company, and
**Whitney Ranch Village 5, LLC**, a Delaware  limited liability company.

The undersigned, being the directors, members, managing members, manager or the general partners of each of the above-listed companies and partnership (each, a "Company" and collectively, the "Companies"), acting pursuant to the provisions of applicable law, the bylaws, operating agreements or partnership agreement of each Company, as applicable, hereby take the following actions and adopt the following recitals and resolutions by unanimous written consent as of the 15th day of December, 2011:

1.    <u>Ratification of Prior Actions and Documents</u>.

WHEREAS, the Colony Restructuring Agreement, the Noteholders Restructuring Agreement, the Backstop Commitment Letter, the Stockholders Commitment Letter and the Solicitation Letter, including the form of Disclosure Statement and the form of Plan of Reorganization (each as hereinafter defined), have been provided to the directors, members, managing members, manager and general partners, as the case may be, of each of the Companies;

NOW, THEREFORE, BE IT RESOLVED, that it is deemed to be advisable and in the best interests of each of the Companies that the directors, members, managing members, manager and general partners of each of the Companies ratify the Colony Restructuring Agreement, the Noteholders Restructuring Agreement, the Backstop Commitment Letter and the Stockholders Commitment, including the Noteholders Term Sheet and the Colony Term Sheet (each as hereinafter defined) attached to each of such documents, and the Solicitation and the Solicitation Package, including the form of Disclosure Statement and the form of Plan of Reorganization, as well as the execution, delivery and performance of the obligations of each of the Companies pursuant to such agreements and documents;

RESOLVED FURTHER, that the Restructuring Support Agreement dated November 4, 2011 (the "Colony Restructuring Agreement") by and among William Lyon Homes, Inc., a California corporation ("Lyon California"), William Lyon Homes, a Delaware corporation ("Lyon Delaware"), on behalf of themselves and the subsidiaries listed on Schedule 1 thereto and their respective successors, ColFin WLH Funding, LLC, as Administrative Agent, Initial Lender and Lead Arranger (the "Administrative Agent") under that certain Senior Secured Term Loan Agreement dated October 20, 2009 (the "Existing Colony Loan Agreement"), by and among Lyon California, the Administrative Agent and the other lenders party thereto, and each of the other lenders party thereto (the "Consenting Lenders"), and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions of the officers or the member, manager, managing member or general partners of each of the Companies, or any officer of such member, manager, managing member or general partners, as the case may be, acting on behalf of a Company (an "Authorized Person" or "Authorized Persons") in executing, delivering and causing the performance of the obligations of the Companies under the Colony Restructuring Agreement which provides, among

other things, that (a) subject to the terms, conditions and timelines set forth therein, the Administrative Agent and the Consenting Lenders commit to vote in favor of the Plan of Reorganization and take such other actions in support of the Plan of Reorganization and to certain other terms of the financial restructuring of the companies, (b) Lyon California and Lyon Delaware commit to support and use their best efforts to complete the restructuring and (c) for the restructuring of the Existing Colony Loan Agreement into a term loan on the terms and conditions provided therein, including provisions for the payment of fees and expenses and for indemnification under certain circumstances, all as set forth and more fully described in the Colony Restructuring Agreement and the Colony Term Sheet attached thereto, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the Restructuring Support Agreement dated November 4, 2011 (the "Noteholders Restructuring Agreement") by and among Lyon California and Lyon Delaware on behalf of themselves and each of the subsidiaries listed on Schedule I thereto, and the owners of the 7 ½% Senior Notes due 2014 issued by Lyon California, the 10 ¾% Senior Notes due 2013 issued by Lyon California and/or the 7 ⅝% Senior Notes due 2012 issued by Lyon California (collectively, the "Notes") who are a party thereto (the "Consenting Noteholders"), and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions of the Authorized Persons in executing, delivering and causing the performance of the obligations of the Companies under the Noteholders Restructuring Agreement which provides, among other things, that (a) subject to the terms, conditions and timelines set forth therein, the Consenting Noteholders commit to vote in favor of the Plan of Reorganization and to take certain other actions in support of the Plan of Reorganization and to certain other terms of the financial restructuring of the Companies, (b) Lyon California and Lyon Delaware commit to support and use their best efforts to complete the restructuring, and (c) $75,000,000 in aggregate principal amount of new 12% (8% cash interest) second lien notes due 2017 of Lyon California, and shares of Class A Common Stock initially representing in the aggregate 28.5% of the capital stock of Lyon Delaware on account of their Class 7 Claims (as defined in the Solicitation Letter, as hereinafter defined), will be issued on the terms and conditions provided therein, including the provision for payment of reasonable fees and expenses, the provision of indemnification under certain circumstances, certain registration rights with respect thereto and certain rights to appoint directors with respect to the Class A Common Stock, all as set forth and more fully described in the Noteholders Restructuring Agreement and the Noteholders Term Sheet attached thereto, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the Backstop Commitment Letter dated November 4, 2011 (the "Backstop Commitment Letter") by and among Lyon

California, Lyon Delaware and Luxor Capital Partners, LP, Luxor Capital Partners Offshore Master Fund, LP, Luxor Spectrum, LLC, Luxor Spectrum Offshore Master Fund, LP, Luxor Wavefront, LP, OC 19 Master Fund L.P. – LCG, GAM Equity Six, Inc. and their affiliates (together with their successors and assigns, the "Backstop Entities"), and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions of the Authorized Persons in executing, delivering and causing the performance of the obligations of the Companies under the Backstop Commitment Letter which provides, among other things, (a) that the Backstop Entities commit to purchase for cash up to $60,000,000 in the aggregate of new shares of Class C Common Stock of Lyon Delaware and new shares of Convertible Preferred Stock of Lyon Delaware, convertible on a one-to-one basis into additional shares of Class C Common Stock initially representing in the aggregate up to 49.5% of the capital stock of Lyon Delaware, (b) that Lyon California and Lyon Delaware agree to pay (i) a nonrefundable commitment fee in securities initially representing in the aggregate 2.0% of the capital stock of Lyon Delaware (treating the preferred stock on an as-converted basis) or, under certain circumstances described therein, cash in the amount of $2,500,000, (ii) the reasonable expenses of the Backstop Entities, including an initial retainer of $200,000 and a supplemental retainer of $200,000 and (iii) expenses up to $150,000 for an additional Backstop Entity joining as a party to the Backstop Commitment Letter after its original effective date, and (c) for the provisions of the backstop commitment and payment of the backstop fee thereunder as described above, indemnification under certain circumstances, certain registrations rights and certain rights to appoint directors with respect thereto, all on the terms and conditions set forth in and as more fully described in, the Backstop Commitment Letter and the Noteholders Term Sheet attached thereto, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the Stockholders Commitment Letter dated November 4, 2011 (the "Stockholders Commitment Letter") by and among Lyon California, Lyon Delaware, and William Lyon and William H. Lyon (together, the "Stockholders"), and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions of the Authorized Persons in executing, delivering and causing the performance of the obligations of the Companies under the Stockholders Commitment Letter which provides, among other things, (a) that the Stockholders commit to purchase shares of Class B Common Stock of Lyon Delaware initially representing 20.0% of the capital stock of Lyon Delaware and warrants exercisable into additional shares of Class B Common Stock for a combined purchase price of $25,000,000 in cash conditioned upon the completion of the transactions contemplated by the restructuring, and (b) for the

provision of certain registration rights and certain rights to appoint directors with respect thereto, all as set forth and more fully described in the Stockholders Commitment Letter and the Noteholders Term Sheet attached thereto, be, and they hereby are, ratified, confirmed, approved and adopted;

RESOLVED FURTHER, that (a) the Noteholders Restructuring Term Sheet (the "Noteholders Term Sheet") which, in addition to the provisions of the Noteholders Restructuring Agreement, the Backstop Commitment Letter and the Stockholders Commitment Letter described above, provides for the establishment of the Equity Incentive Plan for the issuance to employees of the Companies of Class D Common Shares which will represent a total of 8% of the outstanding capital of Lyon Delaware on a fully-diluted basis and for employment agreements to be entered into with each of General William Lyon and William H. Lyon and (b) the Colony Amendment Term Sheet (the "Colony Term Sheet") providing for the restructuring of the Existing Colony Loan Agreement into a term loan in an initial principal amount of $235,000,000, bearing interest at the rate of 10 1/4%, maturing on the earlier of the third anniversary of the closing date thereof or January 31, 2015, and otherwise on the terms and conditions summarized in the Colony Term Sheet, and the form, terms and conditions thereof in the forms attached to the Colony Restructuring Agreement, the Noteholders Restructuring Agreement, the Backstop Commitment Letter and the Stockholders Commitment Letter, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the Letter dated November 17, 2011 (the "Solicitation Letter"), from Lyon California and Lyon Delaware and on behalf of each of their subsidiaries listed therein, to the Holders of Claims (as defined therein) in Class 4 and Class 7, (the "Claim Holders") and the accompanying materials which include (a) Ballots, (b) the Disclosure Statement for the Prepackaged Joint Plan of Reorganization for William Lyon Homes, et al. (the "Disclosure Statement"), (c) the Prepackaged Joint Plan of Reorganization for William Lyon Homes, et al. (the "Plan of Reorganization," and together with the Solicitation Letter and the Disclosure Statement, the "Solicitation Package"), and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions of the Authorized Persons in causing the mailing of the Solicitation Package to the Claim Holders (the "Solicitation") which, among other things, provides instructions to the Claim Holders for voting their Ballots to accept or to reject the Plan of Reorganization, all as set forth and more fully described in the Solicitation Package, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the voting record date of November 10, 2011 for determination of the Claim Holders entitled to vote on the Plan of Reorganization be, and it hereby is, ratified, confirmed, approved and adopted;

RESOLVED FURTHER, that the Disclosure Statement, and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the Plan of Reorganization, and the form, terms and provisions thereof including all schedules, exhibits and other attachments thereto, a copy of which has been provided to the directors, members, managing members, manager and general partners, be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects;

RESOLVED FURTHER, that the actions taken, filings made, and documents executed by the Authorized Persons, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions in connection with the Colony Restructuring Agreement, the Noteholders Restructuring Agreement, the Backstop Commitment Letter, the Stockholders Commitment, the Solicitation Package and the Solicitation are hereby ratified, confirmed, approved and adopted in all respects; and

RESOLVED FURTHER, that the Authorized Persons of the Companies, and any of them acting alone, be, and each of them hereby is, authorized, empowered and directed to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, all such agreements, documents, instruments, petitions, motions, schedules, lists and/or documents, pleadings and other court and administrative filings and certificates (including, without limitation, all notices and certificates required or permitted to be given or made under the terms of any of the agreements approved herein), in the name and on behalf of the Companies or otherwise, as such Authorized Person or Authorized Persons of the Companies executing the same shall deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Companies under the agreements and instruments referred to therein.

2.      Election of Matthew R. Zaist as an Officer of Presley Homes.

RESOLVED, that Matthew R. Zaist be, and he hereby is, elected as Executive Vice President of Presley Homes, to serve at the pleasure of the Board of Directors of Presley Homes from the effective date of this resolution.

3.      Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code.

WHEREAS, the directors, members, managing members, manager and general partners have reviewed the materials presented by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the

strategic alternatives available to them, and the impact of the foregoing on the Companies' businesses; and

WHEREAS, the directors, members, managing members, manager and general partners have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

NOW, THEREFORE, BE IT RESOLVED, that:

(a)    in the judgment of each of the directors, members, managing members, manager and general partners, it is deemed to be advisable and in the best interests of the Companies, their creditors, and other parties-in-interest that the Companies file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Companies' affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") consistent with the Plan of Reorganization hereinabove approved;

(b)    Matthew R. Zaist shall be and hereby is appointed as an Authorized Person for each of the Companies, with full power to carry out such Company's duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations under the Bankruptcy Code; and Matthew R. Zaist is hereby further authorized to make decisions with respect to all aspects of the management and operation of each Company's business including, without limitation, organization, human resources, marketing, sales, logistics, finance, administration, and oversight of the prosecution of such Company's bankruptcy case, including, but not limited to, managing professional advisors, filing the voluntary petitions for such Company, supervising, approving and/or delivering all bankruptcy-related documents, reports and supporting materials, including without limitation the Plan of Reorganization, the Disclosure Statement, and all documents, instruments and agreements (including schedules, exhibits and related information) required or contemplated to be delivered under the Plan of Reorganization, in such manner as deemed necessary or appropriate; and

(c)    the Authorized Persons of the Companies acting alone or with one or more other Authorized Persons, are hereby directed, with power of delegation, to execute and file on behalf of the Companies all petitions, motions, schedules, lists  and/or documents, and to take any action that they deem necessary or proper to obtain such relief, including any action necessary to maintain the ordinary course operation of the Companies' businesses;

RESOLVED FURTHER, that, to the extent applicable to each of the Companies, in accordance with the provisions of Section 303 of the Delaware General Corporation Law and comparable provisions at Section 1400 of the

California General Corporation Law, and Section 78.622 of the Nevada Revised Statutes, the Companies may put into effect and carry out any decrees and orders of the court or judge in the bankruptcy proceeding and may take any corporate action provided or directed by such decrees and orders without further action by the directors, stockholders, members, managing members, manager or general partners of the Companies, and such power and authority may be exercised, and such corporate action may be taken, as may be directed by such decrees or orders, by the trustee or trustees of the Companies appointed or elected in the bankruptcy proceeding, or if no trustee or trustees have been appointed or elected and acting, by the officers of the Companies with like effect as if exercised and taken by unanimous action of the directors, stockholders, members, managing members, manager or general partners of the Companies; and

RESOLVED FURTHER, that, to the extent applicable to each of the Companies, Section 303 of the Delaware General Corporation Law shall cease to apply to the Companies upon the entry of a final decree in the bankruptcy proceeding closing the case and discharging the trustee or trustees, if any; provided, however, that the closing of the case and discharge of the trustee or trustees, if any, will not affect the validity of any act previously performed pursuant to subsections (a) through (c) of Section 303.

4.      Retention of Professionals.

RESOLVED FURTHER, that the Authorized Persons are directed to employ:

(a)      the law firm of Irell & Manella LLP as special corporate and tax counsel (and litigation counsel on an as needed basis) to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Irell & Manella LLP;

(b)      the law firm of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Pachulski Stang Ziehl & Jones LLP;

(c)      the firm of Alvarez & Marsal Holdings, LLC as restructuring advisor to represent and assist the Companies in carrying out

their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal Holdings, LLC;

(d)     the firm of Kurtzman Carson Consultants, LLC as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants, LLC;

(e)     any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code or in connection with the operation of the businesses of the companies or their bankruptcy case; and in connection therewith, the Authorized Persons are hereby directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

5.     Further Actions and Prior Actions.

RESOLVED FURTHER, that:

(a)     in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees) are hereby authorized and empowered, in the name of, and on behalf of, the Companies, to take or cause to be taken any other and further actions, and to execute, acknowledge, deliver and file any agreements, certificates, instruments and other documents, and to pay all expenses, including filing fees, in each case as in such Authorized Person's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

(b)     all directors, members, managing members, manager and general partners of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and

(c)     all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name, and on behalf, of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were performed before the adoption of these

resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act had been specifically authorized in advance by resolution of the directors, members, managing members, manager and general partners.

6.    <u>Actions as Member, Managing Member, Manager or General Partners of a Company</u>.

WHEREAS, certain of the Companies are direct or indirect wholly-owned subsidiaries of certain other Companies;

NOW, THEREFORE, BE IT RESOLVED, that the actions taken by an Authorized Person of a Company in its capacity as the sole member, managing member, manager or general partner of another Company or on behalf of an entity or entities that directly or indirectly control another Company with respect to and in connection with the matters approved herein be, and they hereby are, ratified, confirmed, approved, adopted and authorized in all respects.

{Signature page follows.}

**IN WITNESS WHEREOF,** the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date written above.

**Board of Directors of:**

William Lyon Homes, a Delaware corporation

General William Lyon

William H. Lyon

Douglas K. Ammerman

Harold H. Greene

Gary H. Hunt

Alex Meruelo

**Board of Directors of:**

William Lyon Homes, Inc., a California corporation
Presley CMR, Inc., a California corporation
William Lyon Southwest, Inc., an Arizona corporation
PH-LP Ventures, a California corporation
PH Ventures – San Jose, a California corporation
PH Rielly Ventures, a California corporation
Duxford Financial, Inc., a California corporation
Presley Homes, a California corporation

General William Lyon

William H. Lyon

Richard S. Robinson

**Board of Directors of:**

Sycamore CC, Inc., a California corporation

William Lyon

William H. Lyon

Colin T. Severn

**Board of Directors of:**

HSP, Inc., a California corporation
California Equity Funding, Inc., a California corporation

_____
William H. Lyon

_____
Richard S. Robinson

_____
Colin T. Severn


**The General Partners of:**

WLH Enterprises, a California general partnership

By:    William Lyon Homes, Inc., a California corporation
       General Partner

       By:   _____
            Matthew R. Zaist,
            Executive Vice President

By:    Presley CMR, Inc., a California corporation
       General Partner

       By:   _____
            Matthew R. Zaist,
            Executive Vice President


**The Sole Member of:**

Lyon Waterfront, LLC, a Delaware limited liability company

By:    William Lyon Homes, Inc.,
       a California corporation

       By:   _____
            Matthew R. Zaist,
            Executive Vice President

2520509

- 13 -

**The Manager of:**

Circle G at the Church Farm North Joint Venture, LLC, an
    Arizona limited liability company

By:    William Lyon Homes, Inc.,
        a California corporation

        By:    _____
                Matthew R. Zaist,
                Executive Vice President


**The Managing Member of:**

Laguna Big Horn, LLC, a Delaware limited liability company
Lyon East Garrison Company I, LLC, a California limited
    liability company

By:    William Lyon Homes, Inc.,
        a California corporation

        By:    _____
                Matthew R. Zaist,
                Executive Vice President

Duxford Insurance Services, LLC, a California limited
    liability company

By:    Duxford Financial, Inc., a California corporation

        By:    _____
                Matthew R. Zaist,
                Executive Vice President

**The Managing Member and Sole Member of:**

Cerro Plata Associates, LLC, a Delaware limited liability
    company
Mountain Falls, LLC, a Nevada limited liability company
Whitney Ranch Village 5, LLC, a Delaware limited liability
    company

By:    William Lyon Homes, Inc.,
       a California corporation

          By:    _____
              Matthew R. Zaist,
              Executive Vice President

Mountain Falls Golf Course, LLC, a Nevada limited liability
    company

By:    WLH Enterprises, a California general partnership

          By:    William Lyon Homes, Inc.,
              a California corporation
              Its General Partner

              By:    _____
                  Matthew R. Zaist,
                  Executive Vice President

2520509