**<u>EXHIBIT C</u>**

**(Notices of Non-Voting Status)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, et al.,[1] | ) | Case No. 11-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO PREPACKAGED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR WILLIAM LYON HOMES, ET AL.

### (CLASS 9 – PARENT EQUITY INTERESTS)

**BY ORDER OF THE UNITED STATES BANKRUPTCY COURT:**

### COMMENCEMENT OF THE CASES

**PLEASE TAKE NOTICE** that on December 19, 2011 (the "Petition Date"), William Lyon Homes, a Delaware corporation ("WLH") and its affiliated Debtors (collectively, the "Debtors") filed bankruptcy petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their chapter 11 cases (collectively, the "Chapter 11 Cases"). You may be a creditor of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. You will not receive notice of all documents filed in these Chapter 11 Cases. All documents filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the Bankruptcy Court at 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, or are available at no charge online at http://www.kccll.net/lyonhomes.

### CREDITORS MAY NOT TAKE CERTAIN ACTIONS

The filing of the Chapter 11 Cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc., (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

1

## COMBINED HEARING ON THE ADEQUACY OF DISCLOSURE STATEMENT AND PREPETITION SOLICITATION PROCEDURES AND CONFIRMATION OF THE PLAN

Prior to the Petition Date, the Debtors solicited votes to accept or reject the *Prepackaged Joint Chapter 11 Plan of Reorganization for William Lyon Homes, et al.* dated November 17, 2011 (the "Plan") from creditors whose rights are impaired under the Plan. As of the voting deadline, the Plan has been accepted by all classes entitled to vote on the Plan, and therefore, may be confirmed by the Bankruptcy Court.

The Bankruptcy Court has scheduled a combined hearing (the "Combined Hearing") to: (i) approve the adequacy of the disclosure statement relating to the Plan, dated November 17, 2011 (the "Disclosure Statement"), (ii) approve the prepetition solicitation of votes (the "Solicitation Procedures"), and (iii) confirm the Plan under the Bankruptcy Code, and has established the deadlines and procedures described herein.

## COMBINED HEARING DATE AND TIME

The Combined Hearing will be held at _____ __.m. on _____, 2011 (Prevailing Eastern Time) before the Honorable _____, United States Bankruptcy Judge for the District of Delaware, in the United States Bankruptcy Court for the District of Delaware, ____th Floor, 824 Market Street, Wilmington, Delaware 19801, at which the Bankruptcy Court will consider: (i) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, (ii) approval of the Solicitation Procedures and forms of ballots, and (iii) confirmation of the Plan. The Combined Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing, or any continued hearing, or in the agenda for any such hearing.

## TREATMENT OF YOUR ALLOWED CLAIM(S) OR INTEREST(S) UNDER THE PLAN

You are receiving this notice because under the terms of the Plan you are not entitled to vote on the Plan. Under the terms of the Plan, your interest(s) against the Debtors, if any, which fall into Class 9 – Parent Equity Interests will be cancelled and you will not be entitled to receive or retain any property on account of your interest(s) against the Debtors, if any, which fall into the Class 9 – Parent Equity Interests. Therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are deemed to have rejected the Plan with respect to such interest(s) and (ii) are not entitled to vote on the Plan on account of such interest(s).

If you have any questions about the status of your claim(s) and/or interest(s), you should contact Kurtzman Carson Consultants LLC: William Lyon Homes Ballot Processing Center, c/o Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, (877) 833-4150.

2

## OBJECTION DEADLINE AND PROCEDURES

Objections, if any, to (a) the approval of the Disclosure Statement, (b) the approval of the Solicitation Procedures, or (c) the confirmation of the Plan must (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name of the applicable Debtor, the name of the objecting party and the amount and nature of the Claim of such Entity in each applicable Chapter 11 Case or the amount of Equity Interests held by such Entity in each applicable Chapter 11 Case; (iv) state with particularity the legal and factual bases and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than _____ _.m. (Prevailing Eastern Time) (the "Objection Deadline") by the parties set forth below: (a) the Debtors, William Lyon Homes, Corporate Office, 4490 Von Karman Avenue, Newport Beach, California 92660 (Attn: Matthew Zaist, Executive Vice President); (b) Counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4100 (Attn: Richard M. Pachulski), and 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones); (c) Special Counsel to the Debtors, Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324 (Attn: Jeffrey M. Reisner); (d) Counsel to the Backstop Parties, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Matthew K. Kelsey and J. Eric Wise); (e) Counsel to the Ad Hoc Noteholders Group, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, California 90017 (Attn: Mark Shinderman and Neil Wertlieb); (f) Delaware Counsel to the Ad Hoc Noteholders Group, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Deliveries 19801) (Attn: Robert J. Dehney); (g) Counsel to the Prepetition Agent and the Prepetition Secured Lenders, Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3010 (Attn: David P. Simonds) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 13013 Market Street, P.O. Box 1790, Wilmington DE 19801-1151 (Attn: David Stratton); and (h) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801. Objections not timely filed and served in the manner set forth above may not be considered and may be overruled.

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or other pleadings filed by the Debtors in the Chapter 11 Cases may obtain them online at http://www._____ or may request such copies at the Debtors' expense by contacting Kurtzman Carson Consultants LLC ("KCC"), William Lyon Homes Ballot Processing Center, c/o Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, (877) 833-4150. Any party in interest wishing to review the Disclosure Statement or the Plan may (a) review such documents during regular business hours (9:00 a.m. to 4:30 p.m. Eastern time weekdays, except legal holidays) at the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 or (b) arrange to review such documents at the offices of proposed counsel for the Debtors (at the addresses set forth below).

## PLAN RELEASES

Section XI.B of the Plan, entitled "Release" provides:

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS-IN-POSSESSION (COLLECTIVELY, THE "RELEASING PARTIES") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED**

PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE RELEASING PARTIES) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION OF VOTES ON THE PLAN THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (II) ANY CAUSES OF ACTION ARISING FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (III) THE RIGHTS OF SUCH RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH.

Section XII of the Plan, entitled "Third Party Release" provides:

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EACH CREDITOR THAT AFFIRMATIVELY ELECTS TO GRANT THE THIRD PARTY RELEASE PROVIDED IN THIS PARAGRAPH BY CHECKING THE APPROPRIATE BOX ON THE BALLOT PROVIDED TO SUCH CREDITOR IN CONNECTION WITH SOLICITATION OF SUCH CREDITORS' VOTE TO ACCEPT OR TO REJECT THE PLAN, FOR ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, TRANSFEREES, SUCH CREDITORS' OFFICERS AND DIRECTORS, ACTING IN SUCH CAPACITIES AS OF THE PETITION DATE, SUCH CREDITORS' AGENTS, MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, EMPLOYEES, PARTNERS, AFFILIATES, REPRESENTATIVES, IN EACH CASE IN THEIR CAPACITY AS SUCH, SHALL, BY VIRTUE OF ITS VOTE, BE DEEMED TO HAVE RELEASED THE, (A)

THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AD HOC NOTEHOLDERS GROUP AND THE MEMBERS THEREOF; (E) THE PREPETITION AGENT; (F) THE PREPETITION SECURED LENDERS; (G) THE DIP AGENT; (H) THE DIP LENDERS; (H) THE BACKSTOP INVESTORS; (I) THE PREPETITION INDENTURE TRUSTEE, AND (J) THE RELATED PERSONS OF EACH OF (A) THROUGH (I) OF THE FOREGOING, EACH IN ITS CAPACITY AS SUCH, FROM ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH CREDITOR WHATSOEVER, OR IN ANY MANNER ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, (I) THE DEBTORS, (II) THE DEBTORS' RESTRUCTURING, (III) THE CONDUCT OF THE DEBTORS' BUSINESSES, (IV) THE CHAPTER 11 CASES, (V) THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, (VI) THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY AGENT THEREOF, (VII) THE RIGHTS OFFERING AND RELATED TRANSACTIONS, AND (VIII) THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, WHICH CLAIMS ARE BASED IN WHOLE OR IN PART ON ANY ACT, OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE BEFORE THE EFFECTIVE DATE.

Section XII.D of the Plan, entitled "Injunction" provides:

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. 'BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION. ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

## **FILING CLAIMS AGAINST THE DEBTORS**

  The Bankruptcy Court has not established a deadline for filing proofs of claim at the present time. Should the Bankruptcy Court establish a claims bar deadline, you will receiver further notices at such time. As a result, although creditors may, they are not requested to file claims at this time. Should the Bankruptcy Court establish a claims bar deadline, separate notice of the deadlines to file proofs of claim and a proof of claim form will be provided to the Debtors' known creditors.

Dated: _____, 2011

              PACHULSKI STANG ZIEHL & JONES LLP

              By:_____
                Richard M. Pachulski (CA Bar No. 90073)
                Laura Davis Jones (DE Bar No. 2436)
                David M. Bertenthal (CA Bar No. 167624)
                Joshua M. Fried (CA Bar No. 181541)
                Shirley S. Cho (CA Bar No. 192616)
                Timothy P. Cairns (DE Bar No. 4228)
                919 North Market Street, 17th Floor
                P.O. Box 8705
                Wilmington, Delaware 19899-8705
                Telephone: (302) 652-4100
                Facsimile: (302) 652-4400
                e-mail:  rpachulski@pszjlaw.com
                      ljones@pszjlaw.com
                      dbertenthal@pszjlaw.com
                      jfried@pszjlaw.com
                      scho@pszjlaw.com
                      tcairns@pszjlaw.com

              [Proposed] Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, et al.,[1] | ) | Case No. 11-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO PREPACKAGED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR WILLIAM LYON HOMES, ET AL.

### (CLASS 1 - PRIORITY CLAIMS, CLASS 2 – OTHER SECURED CLAIMS, CLASS 3 – SECURED TAX CLAIMS, CLASS 5 – PROJECT LOAN CLAIMS, CLASS 6 – GENERAL UNSECURED CLAIMS, CLASS 8 – INTERCOMPANY CLAIMS, AND CLASS 10 - EQUITY INTERESTS IN SUBSIDIARIES)

**BY ORDER OF THE UNITED STATES BANKRUPTCY COURT:**

### COMMENCEMENT OF THE CASES

**PLEASE TAKE NOTICE** that on December 19, 2011 (the "Petition Date"), William Lyon Homes, a Delaware corporation ("WLH") and its affiliated Debtors (collectively, the "Debtors") filed bankruptcy petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their chapter 11 cases (collectively, the "Chapter 11 Cases"). You may be a creditor of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. You will not receive notice of all documents filed in these Chapter 11 Cases. All documents filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the Bankruptcy Court at 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, or are available at no charge online at http://www.kccllc.net/lyonhomes.

### CREDITORS MAY NOT TAKE CERTAIN ACTIONS

The filing of the Chapter 11 Cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc., (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

## COMBINED HEARING ON THE ADEQUACY OF DISCLOSURE STATEMENT AND PREPETITION SOLICITATION PROCEDURES AND CONFIRMATION OF THE PLAN

Prior to the Petition Date, the Debtors solicited votes to accept or reject the *Prepackaged Joint Chapter 11 Plan of Reorganization for William Lyon Homes, et al.* dated November 17, 2011 (the "Plan") from creditors whose rights are impaired under the Plan. As of the voting deadline, the Plan has been accepted by all classes entitled to vote on the Plan, and therefore, may be confirmed by the Bankruptcy Court.

The Bankruptcy Court has scheduled a combined hearing (the "Combined Hearing") to: (i) approve the adequacy of the disclosure statement relating to the Plan, dated November 17, 2011 (the "Disclosure Statement"), (ii) approve the prepetition solicitation of votes (the "Solicitation Procedures"), and (iii) confirm the Plan under the Bankruptcy Code, and has established the deadlines and procedures described herein.

## COMBINED HEARING DATE AND TIME

The Combined Hearing will be held at _____ __.m. on _____, 2011 (Prevailing Eastern Time) before the Honorable _____, United States Bankruptcy Judge for the District of Delaware, in the United States Bankruptcy Court for the District of Delaware, ____th Floor, 824 Market Street, Wilmington, Delaware 19801, at which the Bankruptcy Court will consider: (i) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, (ii) approval of the Solicitation Procedures and forms of ballots, and (iii) confirmation of the Plan. The Combined Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing, or any continued hearing, or in the agenda for any such hearing.

## TREATMENT OF YOUR ALLOWED CLAIM(S) OR INTEREST(S) UNDER THE PLAN

You are receiving this notice because under the terms of the Plan you are not entitled to vote on the Plan.

Under the terms of the Plan, your claim(s) or interest(s) against the Debtors, if any, which fall into the following classes: Class 1 - Priority Claims, Class 2 – Other Secured Claims, Class 3 – Secured Tax Claims, Class 5 – Project Loan Claims, Class 6 – General Unsecured Claims, Class 8 – Intercompany Claims, and Class 10 - Equity Interests in Subsidiaries **are not impaired**. As unimpaired classes of claims, your claims in these classes of claims and interests are deemed to accept the Plan. This means that if your claim(s) or interests) against the Debtors is/are Allowed (as defined in the Plan), pursuant to section 1124 of the Bankruptcy Code, all of the legal, equitable and contractual rights to which such claim(s) or interest(s) entitles you shall be fully reinstated and retained as against the applicable Debtor(s) or its successor under the Plan, and your claim **shall be rendered unimpaired** in accordance with such reinstated rights as, when and to the extent such payment is due. Therefore, pursuant to section 1126(f) of the Bankruptcy Code, you (i) are deemed to have accepted the Plan with respect to such claim(s) or interest(s) and (ii) are not entitled to vote on the Plan on account of such claim(s) and/or interest(s).

## OBJECTION DEADLINE AND PROCEDURES

Objections, if any, to (a) the approval of the Disclosure Statement, (b) the approval of the Solicitation Procedures, or (c) the confirmation of the Plan must (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name of the applicable Debtor, the name of the objecting party and the amount and nature of the Claim of such Entity in each applicable Chapter 11 Case or the amount of Equity Interests held by such Entity in each applicable Chapter 11 Case; (iv) state with particularity the legal and factual bases and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than _____ _.m. (Prevailing Eastern Time) (the "<u>Objection Deadline</u>") by the parties set forth below: (a) the Debtors, William Lyon Homes, Corporate Office, 4490 Von Karman Avenue, Newport Beach, California 92660 (Attn: Matthew Zaist, Executive Vice President); (b) Counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4100 (Attn: Richard M. Pachulski), and 919 N. Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones); (c) Special Counsel to the Debtors, Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324 (Attn: Jeffrey M. Reisner); (d) Counsel to the Backstop Parties, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Matthew K. Kelsey and J. Eric Wise); (e) Counsel to the Ad Hoc Noteholders Group, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, California 90017 (Attn: Mark Shinderman and Neil Wertlieb); (f) Delaware Counsel to the Ad Hoc Noteholders Group, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Deliveries 19801) (Attn: Robert J. Dehney); (g) Counsel to the Prepetition Agent and the Prepetition Secured Lenders, Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3010 (Attn: David P. Simonds) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 13013 Market Street, P.O. Box 1790, Wilmington DE 19801-1151 (Attn: David Stratton); and (h) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801. Objections not timely filed and served in the manner set forth above may not be considered and may be overruled.

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or other pleadings filed by the Debtors in the Chapter 11 Cases may obtain them online at http://www._____ or may request such copies at the Debtors' expense by contacting Kurtzman Carson Consultants LLC ("<u>KCC</u>"), William Lyon Homes Ballot Processing Center, c/o Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, (877) 833-4150. Any party in interest wishing to review the Disclosure Statement or the Plan may (a) review such documents during regular business hours (9:00 a.m. to 4:30 p.m. Eastern time weekdays, except legal holidays) at the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 or (b) arrange to review such documents at the offices of proposed counsel for the Debtors (at the addresses set forth below).

## PLAN RELEASES

Section XI.B of the Plan, entitled "Release" provides:

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS-IN-POSSESSION (COLLECTIVELY, THE "<u>RELEASING PARTIES</u>") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND**

**FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE RELEASING PARTIES) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION OF VOTES ON THE PLAN THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (II) ANY CAUSES OF ACTION ARISING FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (III) THE RIGHTS OF SUCH RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH.**

Section XII of the Plan, entitled "Third Party Release" provides:

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EACH CREDITOR THAT AFFIRMATIVELY ELECTS TO GRANT THE THIRD PARTY RELEASE PROVIDED IN THIS PARAGRAPH BY CHECKING THE APPROPRIATE BOX ON THE BALLOT PROVIDED TO SUCH CREDITOR IN CONNECTION WITH SOLICITATION OF SUCH CREDITORS' VOTE TO ACCEPT OR TO REJECT THE PLAN, FOR ITSELF AND ITS RESPECTIVE SUCCESSORS, ASSIGNS, TRANSFEREES, SUCH CREDITORS' OFFICERS AND DIRECTORS, ACTING IN SUCH CAPACITIES AS OF THE PETITION DATE, SUCH CREDITORS' AGENTS, MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, EMPLOYEES, PARTNERS, AFFILIATES, REPRESENTATIVES, IN EACH CASE IN THEIR CAPACITY AS

SUCH, SHALL, BY VIRTUE OF ITS VOTE, BE DEEMED TO HAVE RELEASED THE, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AD HOC NOTEHOLDERS GROUP AND THE MEMBERS THEREOF; (E) THE PREPETITION AGENT; (F) THE PREPETITION SECURED LENDERS; (G) THE DIP AGENT; (H) THE DIP LENDERS; (H) THE BACKSTOP INVESTORS; (I) THE PREPETITION INDENTURE TRUSTEE, AND (J) THE RELATED PERSONS OF EACH OF (A) THROUGH (I) OF THE FOREGOING, EACH IN ITS CAPACITY AS SUCH, FROM ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH CREDITOR WHATSOEVER, OR IN ANY MANNER ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, (I) THE DEBTORS, (II) THE DEBTORS' RESTRUCTURING, (III) THE CONDUCT OF THE DEBTORS' BUSINESSES, (IV) THE CHAPTER 11 CASES, (V) THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, (VI) THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY AGENT THEREOF, (VII) THE RIGHTS OFFERING AND RELATED TRANSACTIONS, AND (VIII) THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, WHICH CLAIMS ARE BASED IN WHOLE OR IN PART ON ANY ACT, OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE BEFORE THE EFFECTIVE DATE.

Section XII.D of the Plan, entitled "Injunction" provides:

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. 'BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION. ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

## FILING CLAIMS AGAINST THE DEBTORS

The Bankruptcy Court has not established a deadline for filing proofs of claim at the present time. Should the Bankruptcy Court establish a claims bar deadline, you will receiver further notices at such time. As a result, although creditors may, they are not requested to file claims at this time. Should the Bankruptcy Court establish a claims bar deadline, separate notice of the deadlines to file proofs of claim and a proof of claim form will be provided to the Debtors' known creditors.

If you have any questions about the status of your claim(s) and/or interest(s), you should contact Kurtzman Carson Consultants LLC: William Lyon Homes Ballot Processing Center, c/o Kurtzman Carson Consultants LLC, 599 Lexington Avenue, 39th Floor, New York, NY 10022, (877) 833-4150.

Dated: _____, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By:_____
    Richard M. Pachulski (CA Bar No. 90073)
    Laura Davis Jones (DE Bar No. 2436)
    David M. Bertenthal (CA Bar No. 167624)
    Joshua M. Fried (CA Bar No. 181541)
    Shirley S. Cho (CA Bar No. 192616)
    Timothy P. Cairns (DE Bar No. 4228)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, Delaware 19899-8705
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400
    e-mail:    rpachulski@pszjlaw.com
                 ljones@pszjlaw.com
                 dbertenthal@pszjlaw.com
                 jfried@pszjlaw.com
                 scho@pszjlaw.com
                 tcairns@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession