IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, *et al.*,[1] | ) | Case No. 11-14019 (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (A) PROVIDING EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS; (B) WAIVER OF REQUIREMENT TO FILE SAME IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION; (C) WAIVER OF REQUIREMENT TO CONVENE SECTION 341(A) MEETING OF CREDITORS IF PLAN BECOMES EFFECTIVE PRIOR TO EXPIRATION OF SUCH EXTENSION; AND (D) LIMITING NOTICES REQUIRED UNDER BANKRUPTCY RULE 2002 TO BE PROVIDED IN THESE CASES**

The above-referenced debtors and debtors-in-possession (the "Debtors" or the "Company") hereby move for an order (the "Proposed Order") pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) extending time to file schedules and statements of financial affairs; (b) waiving the requirement to file the same if the Plan becomes effective prior to the expiration of such extension; (c) waiving the requirement to convene the section 341(a) meeting of creditors if the Plan becomes effective prior to expiration of the extension; and (d)

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows:  William Lyon Homes (4902); William Lyon Homes, Inc. (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232).  The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

limiting notices required under Bankruptcy Rule 2002 to be provided in these cases (the

"Motion").   In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On the date hereof (the "Petition Date"), the Debtors commenced these cases by

filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.  Concurrently with the

filing of this Motion, the Debtors have requested joint administration of the above captioned

cases.

3.      The Debtors have continued in possession of their property and have continued to

operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or an examiner in these

cases, and no official committee has yet been appointed by the Office of the United States

Trustee.

5.      The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating the chapter 11 filing, are set forth in

detail in the *Declaration of Matthew R. Zaist, Executive Vice President of William Lyon Homes,*

*in Support of First Day Motions* (the "Zaist Declaration") filed concurrently herewith and

incorporated herein by reference.  The Debtors are homebuilders with operations in Northern and

Southern California, Arizona and Nevada.

6.      On the Petition Date, the Debtors filed the *Prepackaged Joint Plan of Reorganization for William Lyon Homes, et al.* dated November 17, 2011 ("Plan") and related disclosure statement (the "Disclosure Statement"). The Plan represents a significant milestone for the Company and embodies the agreement reached with their major debt holders. If confirmed, the Plan will reduce the Company's leverage by approximately $182 million in funded note indebtedness, restructure the Company's primary secured credit facility, and provide for new equity capital investments of $85 million in the aggregate. Based on a prepetition solicitation of the Plan, the Plan has been approved by those voting classes of creditors who are impaired under the Plan – (i) the Prepetition Secured Term Loan Agreement; and (ii) the Old Notes. Significantly, other than the holders of Prepetition Secured Term Loan Agreement Claims, Old Notes Claims, and equity holders of DE Lyon (whose interests are being cancelled), the Plan provides for the Debtors' remaining creditors to be unimpaired, which may not have been possible absent the agreements reached under the Plan. The Plan will allow the Company to improve its liquidity position from its operations and be well-positioned going forward.

**Relief Requested**

7.      By this Motion, the Debtors request, pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1, entry of the Proposed Order, substantially in the form attached hereto: (i) extending the time within which to file their Schedules and Statements (as defined below) for an additional seventy (70) days to March 28, 2012 (for a total of one hundred (100) days from the Petition Date), without prejudice to the Debtors to request a further extension upon noticed motion for good cause shown (the "Extension Date"); (ii) waiving the requirement to file the same if the Plan becomes effective prior to the expiration of the Extension Date; (c) waiving the requirement to convene the section 341(a) meeting of creditors if the Plan becomes effective

prior to expiration of the Extension Date; and (d) limiting notices required under Bankruptcy Rule 2002 to be provided in these cases.

**Basis for Relief Requested**

**A.    Cause Exists to Extend the Time to File Schedules.**

8.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file, within fourteen (14) days of the Petition Date: (i) schedules of assets and liabilities; (ii) schedules of executory contracts and unexpired leases; (iii) lists of equity holders; (iv) schedules of current income and expenditures; and (v) statements of financial affairs (collectively, the "Schedules and Statements"). Rule 1007-1(b) of the Local Rules provides, however, that if the total number of creditors in a debtor's case exceeds two-hundred (200), the debtor must file its Schedules and Statements within thirty (30) days of the Petition Date. In the instant case, the Debtors' total number of creditors well exceeds two-hundred (200) and, therefore, the Debtors must file their Schedules and Statements within thirty (30) days of the Petition Date. By this Motion, the Debtors respectfully request that the Court extend such thirty (30) day period to one hundred (100) days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions should it become necessary.

9.      In these cases, the Debtors have concurrently filed a motion for order setting a combined hearing to approve their Disclosure Statement and Plan within 58 days of the Petition Date. If approved, the Debtors may be able to confirm their Plan and become effective under their Plan within 80 to 90 days of the Petition Date.

10.     In general, a debtor is required to file the Schedules and Statements to permit parties in interest to understand and assess the debtor's assets and liabilities and thereafter negotiate and confirm a plan of reorganization. As described in more detail in the Zaist Declaration, in these "prepackaged" chapter 11 cases, the Debtors have already negotiated the

4

Plan and solicited votes from those parties entitled to vote thereon, who, upon solicitation, have voted to accept the Plan. Accordingly, one of the primary justifications for requiring the filing of the Schedules and Statements simply does not exist in these chapter 11 cases.[2] Further, all of the creditors are unimpaired by the Plan except for the creditors in the voting classes and the holders of equity interests in DE Lyon. Thus, these parties will not be prejudiced by the Debtors not filing the Statements and Schedules.

11.     Under the circumstances of these chapter 11 cases, the Debtors believe that the purposes of filing the Schedules and Statements have generally been fulfilled by other means and that the completion of the Schedules and Statements is extraneous and not justified given the costs to the Debtors' estates - in terms of both the expenditure of financial and human resources. Consequently, such requirement represents an unnecessary burden on the estates.

12.     To prepare the Schedules and Statements, the Debtors would have to compile information from books, records, and documents relating to the claims of more than ten thousand creditors, as well as the Debtors' many assets and contracts. This information is voluminous and assembling the necessary information would require a significant expenditure of time and effort on the part of the Debtors and their employees in the near term, when these resources would be best put towards effectuating the Debtors' reorganization efforts.

13.     In addition, much of the information that would be contained in the Schedules and Statements is already available in the Disclosure Statement and filings that the Debtors have made with the United States Securities and Exchange Commission. Therefore, to require the Debtors to file the Schedules and Statements would not only be unnecessarily burdensome to the

---

[2] The fact that the Plan provides for the payment in full of all Allowed General Unsecured Claims (as defined in the Plan) also justifies altering the requirement to file Schedules and Statements.

Debtors' estates, but would also be largely duplicative of information already available in public documents.

14.     This Court has the authority to grant the requested extension under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(c), and Local Rule 1007-1(b). Section 105(a) of the Bankruptcy Code grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the [S]chedules . . . may be granted only on motion for cause shown." Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor."

15.     The Debtors submit that good and sufficient cause for granting the relief requested herein exists due to the large amount of information that must be assembled and compiled, the significant number of employee and professional hours required for the completion of the Schedules and Statements, the public availability of the information that would be contained in the Schedules and Statements, and the unique nature of these pre-packaged chapter 11 cases, including the lack of prejudice to creditors. In addition, employee efforts during the anticipated short period of the pendency of these chapter 11 cases are critical to the Debtors' reorganization efforts, and the Debtors' creditors would be better served if the Debtors devoted their time and attention to business operations in order to maximize the value of the estates going forward.

**B.      Waiver of the Requirement to File Schedules And Statements Is Appropriate If the Plan Becomes Effective Prior to the Expiration of the Extension Date.**

16.     The Debtors request that if the Plan becomes effective prior the expiration of the Extension Date, that the requirement to file Schedules and Statements be waived. Courts in this district have recognized that filing Schedules and Statements in prepackaged chapter 11

bankruptcy cases often is unnecessary and have ordered relief similar to that requested herein, including the granting of permanent waivers of the requirement of filing Schedules and Statements. *See, e.g.*, *In re PTL Holdings LLC*, Case No. 11-12676 (Bankr. D. Del. Sept. 29, 2011); *In re Affiliated Media, Inc.*, Case No. 10-10202 (KJC) (Bankr. D. Del Jan. 26, 2010); *In re Latham International, Inc., et al.*, Case No. 09-14490 (CSS) (Bankr. D. Del. Dec. 23, 2009); *In re NTK Holdings, Inc., et al.*, Case No. 09-13611 (KJC) (Bankr. D. Del Nov. 19, 2009); *In re Source Interlink Companies, Inc.*, Case No. 09-11424 (Bankr. D. Del. May 28, 2009); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 22, 2008); *In re ACG Holdings, Inc.*, Case No. 08 11467 (CSS) (Bankr. D. Del. Aug. 12, 2008); *In re Vertis Holdings, Inc.*, Case No. 08 11460 (CSS) (Bankr. D. Del. Aug. 13, 2008); *In re Hilex Poly Co. LLC*, Case No. 08 10890 (KJC) (Bankr. D. Del. May 7, 2008).

17.     The requested relief is further supported by the prepackaged nature of these chapter 11 cases. The votes tabulated and received demonstrate acceptance of the Plan. The most critical and complex task required to effectuate a successful reorganization - the negotiation and formulation of a chapter 11 plan of reorganization - has already been accomplished. Thus, the Debtors respectfully submit that given the backdrop of these prepackaged chapter 11 cases, the relief requested herein is appropriate inasmuch as such relief will assist the Debtors to move towards expeditious confirmation of the widely-supported Plan with the least possible disruption or harm to their businesses. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**C.     Cause Exists For a Waiver of Time to Convene the Section 341(a) Meeting of Creditors If the Plan Becomes Effective Prior to Expiration of Extension Date.**

18.     Bankruptcy Code section 341(e) provides:

> Notwithstanding the subsections (a) and (b), the court, on request
> of a party in interest and after notice and a hearing, for cause may
> order that the United States trustee not convene a meeting of
> creditors or equity security holders if the debtor has filed a plan as
> to which the debtor solicited acceptances prior to the
> commencement of the case.

11 U.S.C. § 341(e).

19.    The Court has authority to grant the requested relief under section 341(e) of the

Bankruptcy Code.  Collier recognizes that section 341(e) is "intended to expedite prepackaged

chapter 11 cases in which there exist from the outset sufficient votes to confirm the plan." 3

COLLIER ON BANKRUPTCY, ¶341.05A (Alan N. Resnick & Henry J. Sommers eds., 16th Ed.).

Such relief is common in "prepackaged" chapter 11 bankruptcy cases in this district.  *See, e.g., In*

*re Jackson Hewitt Tax Service Inc., et al.*, Case No. 11-11587 (MFW) (Bankr. D. Del. May 25,

2011) (waiving the requirement to convene a meeting of creditors subject to confirmation of the

plan within 60 days after petition date); *In re Xerium Techonologies, Inc., et al.*, Case No. 10-

11031 (KJC) (Bankr. D. Del. Apr. 29, 2010) (waiving the requirement to convene a meeting of

creditors subject to confirmation of the plan within 90 days after petition date); *In re Lazy Days'*

*R.V. Center, Inc.*, Case No. 09-13911 (KG) (Bankr. D. Del. Dec. 8, 2009) (waiving the

requirement to convene a meeting of creditors subject to confirmation of the plan within 75 days

after petition date); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del.

Sept. 22, 2008) (waiving the requirement to convene a meeting of creditors subject to

confirmation of the plan within 75 days after petition date); *In re Mrs. Fields' Original Cookies,*

*Inc.*, Case No. 08-11953 (PJW) (Bankr. D. Del. Aug. 26, 2008); *Remy Worldwide Holdings, Inc.,*

*et al.*, Case No. 07-11481 (KJC) (Bankr. D. Del. Nov. 5, 2007) (waiving the requirement to

convene a meeting of creditors subject to confirmation of the plan within 90 days after petition

date).

20.     The purpose of a section 341 meeting is to provide parties in interest with a meaningful opportunity to examine the debtor and obtain important information about the debtor. As set forth above, however, the Debtors solicited voting and obtained the requisite amount of acceptances of the prepackaged Plan prior to the Petition Date.  Because the prepackaged Plan has already been accepted by those classes of creditors that are impaired and entitled to vote on the prepackaged Plan, the Debtors anticipate a brief stay and prompt emergence from these chapter 11 cases.  Furthermore, the prepackaged Plan provides that general unsecured creditors other than the holders of the Old Notes are unimpaired.  Accordingly, the Debtors submit that ample cause exists for this Court to direct the United States Trustee not to convene a meeting of creditors or equity security holders and not to appoint any statutory committee in these cases unless the Plan has not become effective prior to the expiration of the Extension Date.

**D.      Cause Exists to Limit Notice to Creditors.**

21.     The Debtors have over 23,000 current or former homeowners (the "Homeowners").  Given the nature of the Plan, which leaves all general unsecured creditors unimpaired (other than the Old Notes), Homeowners are not being impacted under the Plan and whatever warranty rights Homeowners have are riding through the Plan unimpaired.  The Bankruptcy Court is permitted under Bankruptcy Rule 2002(a) to limit notices required to be provided and doing so would be appropriate here where it would likely cause undue confusion and concern amongst the Homeowners and require the Debtors to spend an inordinate amount of time responding to such inquiries.  In addition, the Debtors also have many pending buyers (the "Pending Buyers") who have signed a sales contract but have not yet closed on a home.  The Debtors may be holding a deposit for the Pending Buyers.  Given the nature of the Plan, however, the Pending Buyers will be unimpaired and are not being impacted under the Plan.  As

such, the Debtors believe that cause also exists to limit notices required to be provided to the Pending Buyers under Bankruptcy Rule 2002(a) because such notices would likely also cause undue confusion and concern amongst the Pending Buyers. In addition, the Debtors intend to continue operating in the ordinary course of business post-petition, including closing on pending home sales.

22.     Accordingly, the Debtors request that they not be required to provide notice to Homeowners or Pending Buyers of the commencement of these chapter 11 cases or any future notice unless the Debtors have not gone effective under their Plan by the expiration of the Extension Date.

## Notice

23.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Prepetition Secured Lenders and proposed DIP Lender; (iii) counsel to the Ad Hoc Noteholders Group; and (iv) counsel to the Backstop Investors. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Previous Request

24.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE** the Debtors respectfully request entry of the proposed order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  December 19, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Richard M. Pachulski (CA Bar No. 90073)
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Shirley S. Cho (CA Bar No. 192616)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
e-mail: rpachulski@pszjlaw.com
         ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         jfried@pszjlaw.com
         scho@pszjlaw.com
         tcairns@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession