**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, *et al.*,[1] | ) | Case No. 11-14019 (\_\_\_\_) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER AUTHORIZING (I) ASSUMPTION OF
BACKSTOP COMMITMENT LETTER, (II) PAYMENT OF RELATED
FEES AND EXPENSES, AND (III) INDEMNIFICATION OF BACKSTOP PARTIES**

Upon the Motion (the "Motion") dated _____ of William Lyon Homes and its direct and indirect subsidiaries (each, individually a "Debtor" and, collectively, the "Debtors" in the above captioned chapter 11 cases) pursuant to sections 105, 363, 365 and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure for entry of an order authorizing the Debtors to enter into a backstop commitment letter and to pay related fees under sections 105 and 363 of the Bankruptcy Code and granting related relief (the "Order"); and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Backstop Commitment Agreement[2]; and good, adequate and sufficient cause having been shown to justify the immediate entry of this

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc. (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

A. Approval of the Motion and the relief requested therein is in the best interests of the Debtors, their creditors, their estates and other parties in interest.

B. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief sought in the Motion pursuant to section 363(b) and 365 of the Bankruptcy Code.

C. The Debtors' agreements contained in the Backstop Commitment Agreement are reasonable, necessary, and appropriate under the circumstances and represent a prudent exercise of the Debtors' business judgment.

D. The Backstop Fee, the Breakup Fee, the Deposit, the obligation to reimburse all reasonable and documented out-of-pocket fees and expenses of the Initial Backstop Party (the "Initial Backstop Party Expenses"), including, but not limited to, the reasonable fees, disbursements and other charges of counsel to the Initial Backstop Party, and up to $150,000 of reasonable and documented out-of-pocket fees and expenses of one additional Backstop Party

(collectively with the Initial Backstop Party Expenses, the "Backstop Expenses") and the indemnification provided to the Indemnified Persons (the "Indemnification") are (i) actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of 503(b) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Backstop Parties, and (iii) necessary to induce the Backstop Parties to continue to pursue the transactions contemplated by the Backstop Commitment Agreement.

E.  The Debtors' agreement to pay the Backstop Fee (or alternatively, the Breakup Fee) to the Initial Backstop Party, to fund the Deposit pursuant to the instruction of the Initial Backstop Party, to reimburse the Backstop Expenses to the Backstop Parties and to provide the Indemnification to the Indemnified Parties are each an essential inducement and condition relating to the Backstop Parties' entry into, and continuing obligations under, the Backstop Commitment Agreement. Unless the Initial Backstop Party is assured that the Backstop Fee (or alternatively, the Breakup Fee) will be paid and the Deposit will be funded, and unless the Backstop Parties (including the Initial Backstop Party) are assured that the Backstop Expenses will be reimbursed and the Indemnification will be provided to the Indemnified Parties, the Backstop Parties are unwilling to proceed as set forth in the Backstop Commitment Agreement.

F.  The Backstop Commitment Agreement was negotiated, proposed, and entered into by the Backstop Parties in good faith, in accordance with all applicable law, and from arm's-length bargaining positions.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Debtors are authorized to assume, and perform under, the Backstop Commitment Agreement.

4. Without limiting any other provision of this Order, the Court finds that the Breakup Fee provided under the Backstop Commitment Agreement (x) is necessary to the preservation of the estates and is approved and allowed as a Subordinated Administrative Expense (as defined in the Backstop Commitment Agreement) pursuant to 11 U.S.C. §§ 503(b) and 507(a) of the Bankruptcy Code in the event that the Breakup Fee becomes payable pursuant to section III(b) of the Backstop Commitment Agreement, and (y) shall be payable pursuant to the terms of the Backstop Commitment Agreement, and on the date set forth therein.

5. Under no circumstances shall the Backstop Fee or Breakup Fee be subject to any otherwise applicable set-off, counterclaim or recoupment.

6. The Debtors' initial funding of the Deposit in the amount of $200,000, and any prepetition or post-petition replenishment of the Deposit is hereby approved, and the Debtors are authorized to replenish the Deposit without further order of this Court upon the request of the Initial Backstop Party, all pursuant to the terms of the Backstop Commitment Agreement. The Initial Backstop Party is authorized, but not required, to use and apply the funds contained in the

Deposit for reimbursement of the Initial Backstop Party Expenses. Any funds in the Deposit not used to reimburse the Initial Backstop Party for the Initial Backstop Expenses shall be either applied to fees and expenses due at the closing of the Rights Offering and the Restructuring or refunded to the Debtors, in accordance with the terms of the Backstop Commitment Agreement.

7. The Debtors are authorized to provide the Initial Backstop Party with the Backstop Fee, to reimburse the Initial Backstop Party for the Initial Backstop Party Expenses and to reimburse the Backstop Parties for the Backstop Expenses as set forth in the Backstop Commitment Agreement, in accordance with the terms of the Backstop Commitment Agreement. Without limiting any other provision of this Order, the Court finds that the obligations to pay the Backstop Fee and reimburse the Initial Backstop Party Expenses and the Backstop Expenses as set forth in the Backstop Commitment Agreement are necessary to the preservation of the value of the estate and are approved and allowed as administrative expenses pursuant to sections 503(b) and 507(a) of the Bankruptcy Code. To the extent any Backstop Expenses (including the Initial Backstop Party Expenses) were incurred prepetition and remain unpaid as of the date hereof, the Debtors are authorized to pay such Backstop Expenses within five (5) days of the date hereof. None of the Backstop Expenses (including the Initial Backstop Party Expenses) described in the Backstop Commitment Agreement shall be subject to the approval of the Court and no recipient of any such payment shall be required to file with respect thereto any interim and final fee application with the Court. None of the Initial Backstop Party Expenses, the funding or replenishment of the Deposit or application thereof for reimbursement of the Initial

Backstop Party Expenses, or the Backstop Expenses shall be subject to avoidance under Sections 542, 547 or 548 of the Bankruptcy Code.

8. The Indemnification contained in the Backstop Commitment Agreement is hereby approved. The Debtors are authorized to indemnify each Indemnified Person in accordance with the terms of the Backstop Commitment Agreement. Without limiting any other provision of this Order, the Court finds that the indemnification of the Indemnified Persons provided under the Backstop Commitment Agreement is necessary to the preservation of the value of the estates and is approved and allowed as an administrative expense pursuant to 11 U.S.C. §§ 503(b) and 507(a) of the Bankruptcy Code in the event that such indemnification obligation arises in accordance with the terms of the Backstop Commitment Agreement and shall be payable pursuant to the terms of the Backstop Commitment Agreement.[3]

9. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and to implement the Backstop Commitment Agreement.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

---

[3] Upon approval of the *Debtors' Motion for Order (i) Authorizing Debtors to Obtain Interim Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(d) and 507, (ii) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (iii) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507, (iv) Modifying the Automatic Stay, and (v) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "DIP Motion") filed contemporaneously herewith, and as a condition to the DIP Financing (as defined in the DIP Motion), the DIP Agent and DIP Lenders (as defined in the DIP Motion) shall hold Superpriority Claims (as defined in the DIP Motion), which are senior to, among other claims, the claims of the Administrative Agent and the Prepetition Secured Lenders and all claims of the Backstop Parties, including those on account of the Backstop Fee, Breakup Fee, or the Backstop Expenses and Indemnification.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: [_____], 2011
       Wilmington, Delaware

                                                        THE HONORABLE
                                                        UNITED STATES BANKRUPTCY JUDGE