IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WILLIAM LYON HOMES, *et al.*,[1] | ) | Case No. 11-14019 (____) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (II) REMIT WITHHOLDING OBLIGATIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS HONOR CERTAIN CHECKS PRESENTED FOR PAYMENT**

Upon consideration of the motion ("Motion") of the above-referenced debtors and debtors-in-possession (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not requiring, the Debtors to (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) authorize and direct applicable banks and other financial institutions to receive, process, honor, and pay certain checks presented for payment

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc. (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby:

ORDERED that the Motion is GRANTED;[2] and it is further

ORDERED that the Debtors are authorized, but not directed, to pay and/or honor the Employee Obligations, in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business with respect to Employees as set forth in the Motion, subject to the following limits:

| Category | Cap |
|---|---|
| Unpaid Wages | $650,000 |
| Withholdings | $440,000 |
| Reimburseable Expenses | $45,000 |
| Corporate Credit Cards | $220,000 |
| Car Allowances | $17,000 |
| Sales Commissions | $20,000 |
| ADP Fees | $15,000 |

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

| Medical | $150,000 |
|---|---|
| Dental | $11,500 |
| Vision | $2,000 |
| Life, AD&D Insurance, Supplemental Life | $7,000 |
| FSA Administration (National Benefits Services) | $500 |
| 401(k) Fees | $20,000 |
| Workers' Compensation Insurance Policy | $113,385 |
| Supplemental Benefits Program | $176,000 |

and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments to applicable third parties from Withholdings and in respect of the Health Care Benefit Programs and Employee Insurance Programs, and costs associated therewith, in the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with payment of the Employee Obligations; and it is further

ORDERED that no payments to any Employee on account of pre-petition Wages will collectively exceed the $11,725 cap per Employee provided under sections 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that nothing herein shall be deemed to authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, including, but not limited to reissuing wires or checks that may have been dishonored as a result of the bankruptcy filing, to the extent of the limitations set forth in the order approving the Motion; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' right to contest the amount or validity of claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE