IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, *et al.*,[1] | ) | Case No. 11-14019 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO SELL HOMES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS IN THE ORDINARY COURSE OF BUSINESS AND (II) ESTABLISHING PROCEDURES FOR THE RESOLUTION AND PAYMENT OF LIENS AND CLAIMS**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession in this chapter 11 case (the "Debtors") for entry of an order pursuant to sections 105(a), 363, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing the Debtors to continue the construction, sale and closing of homes to customers in the ordinary course of business, (b) authorizing the Debtors to honor certain prepetition contract obligations to homebuyers, (c) providing that the sale of homes to the Debtors' customers shall be free and clear of all liens, claims, encumbrances and other interests, (d) authorizing, but not directing, the Debtors, in their sole discretion or as ordered by the Court pursuant to the established procedures, to pay claims secured by Liens relating

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc. (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

to the construction of home sales, (e) establishing procedures for resolving disputed Operational Lien Claims, and (f) authorizing the Debtors to proceed immediately with the sale of homes and establishment of the Lien Procedures notwithstanding the possible applicability of Rules 6004(h) or 6003 of the Federal Rules of Bankruptcy Procedure;[2] and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and no other or further notice need be given; upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, IT IS HEREBY

ORDERED that the Motion is GRANTED on an interim basis subject to an interim cap of $14 million for Operational Lien Claims; and it is further

ORDERED that the Debtors shall provide the agent for their proposed DIP Lender ("Colony") and counsel to the Ad Hoc Noteholders Group, on a bi-weekly basis beginning on January 6, 2012 for the first two-week period, and continuing every second Friday thereafter for the prior two-week period, a list of all payments of Operational Lien Claims paid pursuant to this Motion; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that, except for payments already issued prior to the Petition Date, prior to the payment of any Operational Lien Claim in excess of $50,000, the Debtors shall obtain the prior written consent of Colony, unless the proposed payment is within two weeks of a Sale Contract closing date; and it is further

ORDERED that the Debtors are authorized to build, sell, and close homes in the ordinary course of business; and it is further

ORDERED that the Debtors are authorized to perform all obligations under the Sale Contracts and to take any other reasonable actions that may be necessary to effectuate closings under the Sale Contracts, including the modification of Sale Contracts consistent with the Debtors' business judgment and past practices; and it is further

ORDERED that the Debtors and any intermediary financial institution participating in any home closings are authorized to transfer title, deed property, and take any other actions in the ordinary course of business as may be necessary to transfer ownership to the Debtors' homebuyers; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, all sales of homes by the Debtors shall be free and clear of any and all liens, claims, interests, and encumbrances (whether asserted or unasserted, known or unknown) (the "Liens"), with all such Liens to attach to the proceeds of each home sale with the same force, effect and priority as such Liens had immediately prior to the sale, subject to the rights and defenses of the Debtors and any party in interest with respect to any such asserted Liens. Claims secured by valid and enforceable Liens shall be deemed secured claims against the Debtors to the extent of the proceeds with the same priority such claims would be entitled to under

applicable law as of the Petition Date, and the Debtors shall retain all of their defenses to such Liens under applicable law; and it is further

ORDERED that, upon the request of the Debtors, the holders of any Operational Lien Claims are directed to deliver releases and other instruments reasonably requested by the Debtors evidencing releases of such liens no later than the date of the home closing. No Operational Lien Claimant shall have any claim against the Debtors' title insurance agents or underwriters or any purchaser of a home with respect to any asserted Lien or other claim or interest relating to any property sold pursuant to this Order; and it is further

ORDERED that the Debtors' title insurance agents, title insurance underwriters, and sureties are authorized to provide title insurance without exception notwithstanding any statutory requirements requiring a "gap affidavit" or other documentation; and it is further

ORDERED that title agents and title insurance underwriters may rely upon the filing of a copy of this Order in each county where the Debtors sell residential homes subject to the Order to issue their title policies on properties located within each such county without exception to the Liens, whether asserted or unasserted, known or unknown; and it is further

ORDERED that the Debtors are authorized to hold and use the proceeds of home sales, subject to the terms set forth herein and any other applicable orders of this Court, and any intermediary financial institution or transfer agency participating in the closing of a sale of a home pursuant to this Order is authorized to transfer such proceeds to the Debtors to be held by them; and it is further

ORDERED that the Debtors are authorized, but not required, to pay and discharge, on a case-by-case basis and in the ordinary course of business, the claims of Operational

Lien Claimants that have given or could give rise to Liens against the Debtors' property or homes the Debtors have recently sold or against Resmark-owned projects, regardless of whether such Operational Lien Claimants already have perfected such Liens; and it is further

ORDERED that a Operational Lien Claimant will not be required to take any steps under applicable non-bankruptcy law after entry of this Order to obtain, record, or perfect its Lien and the Lien will not be determined to be invalid solely as a result of the Operational Lien Claimant's failure to take such steps. With respect to each individual Lien Claim, the Debtors will not satisfy any Lien Claim unless the Operational Lien Claimant has perfected, or in the Debtors' business judgment is capable of perfecting, the Lien; and it is further

ORDERED that the Operational Lien Claimant shall promptly release any filed Liens upon payment of its Lien Claim or, for Liens that have not yet been filed, properly record any documentation in accordance with applicable law reflecting full payment and satisfaction of the applicable Lien Claim. The Lien shall be deemed forever released, extinguished, and expunged, regardless of whether the Operational Lien Claimant records a release of such Lien or takes any other action; and it is further

ORDERED that the Debtors may condition payment of an Operational Lien Claim on the agreement of the individual Operational Lien Claimant to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Petition Date or upon new trade terms that are equally or more favorable to the Debtors (the "Agreed Trade Terms"). The Debtors may require that if a Operational Lien Claimant fails to comply with the Agreed Trade Terms, (a) any payment made to such Operational Lien Claimant on account of its asserted Lien Claim shall be deemed to have been in payment of

then outstanding postpetition obligations owed to the Operational Lien Claimant; and (b) the Operational Lien Claimant shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise; and it is further

ORDERED that, to protect the rights of parties asserting Liens on the Debtors' homes sold pursuant to the Motion, the Disputed Lien Release Procedures are approved; and it is further

ORDERED that, in accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the claims that the Debtors request authority to pay in the Motion are directed to honor checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the authority granted in this order and the terms and conditions hereof shall be effective as of the Petition Date; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the final hearing to consider the entry of this Order approving the relief sought in the Motion shall be held on _____, 2012 at \_\_:\_\_ \_.m. (prevailing Eastern time) (as the same may be adjourned or continued by this Court) with any objections due by _____, 2012 at 4:00 p.m. (prevailing Eastern time) and served upon the following: (i) Pachulski, Stang, Ziehl & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq., as counsel to the Debtors; (ii) Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Ste. 2400, Los Angeles, CA 90067, Attn: David P. Simonds, Esq., and Pepper Hamilton LLP, 1313 Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, Attn: David B. Stratton, Esq., as counsel to the DIP Agent and to the Prepetition Agent; (iii) Milbank Tweed, Hadley & McCloy, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017, Attn: Mark Shinderman, Esq., Neil Wertlieb, Esq., and Robert Shenfeld, Esq., as counsel to the Ad Hoc Noteholders Group; (iv) counsel to any Committee, and (v) the Office of the U.S. Trustee, J. 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19081 (Attn: Richard Schepacarter); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011    _____
UNITED STATES BANKRUPTCY JUDGE