IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM LYON HOMES, et al.,[1] | ) | Case No. 11-14019 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related to Docket Nos. 12 and 77** |

## ORDER AUTHORIZING THE DEBTORS TO (I) ASSUME THE RESTRUCTURING SUPPORT AGREEMENTS WITH CERTAIN SECURED LENDERS AND NOTEHOLDERS, (II) PAY AND REIMBURSE RELATED FEES AND EXPENSES, AND (III) INDEMNIFY THE PARTIES TO THE RESTRUCTURING SUPPORT AGREEMENTS

Upon the motion (the "Motion"),[2] dated December 19, 2011, by the above captioned debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned cases (the "Chapter 11 Cases"), for an order authorizing William Lyon Homes, Inc., a Delaware Corporation ("DE Lyon") and William Lyon Homes, Inc., a California Corporation ("CA Lyon") to (i) assume the Colony RSA and assume the Noteholders RSA,[3] (ii) pay all Transaction Expenses, and (iii) indemnify certain parties in accordance with the indemnification provisions set forth in the Restructuring Support Agreements pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective taxpayer identification numbers are as follows: William Lyon Homes (4902); William Lyon Homes, Inc. (3855); Mountain Falls Golf Course, LLC (3291); Mountain Falls, LLC (9631); Circle G at the Church Farm North Joint Venture, LLC (1322); Presley CMR, Inc. (3862); William Lyon Southwest, Inc. (8474); Sycamore CC, Inc. (1307); PH-LP Ventures (9119); PH Ventures – San Jose (5089); HSP, Inc. (6045); PH Rielly Ventures (7710); Lyon Waterfront, LLC (1928); Lyon East Garrison Company I, LLC (5692); WLH Enterprises (3333); Duxford Financial, Inc. (0824); California Equity Funding, Inc. (0016); Laguna Big Horn, LLC (2590); Presley Homes (5035); Cerro Plata Associates, LLC (5090); Whitney Ranch Village 5, LLC (5256); and Duxford Insurance Services, LLC (8232). The Debtors' mailing address is 4490 Von Karman Avenue, Newport Beach, CA 92660.

[2] The description of the Colony RSA and the Noteholders RSA presented in the Motion is a summary of the principal terms and is qualified in all respects and the parties' obligations thereunder are subject to the actual terms and conditions of the Restructuring Support Agreements.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

Code"); and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been given under the circumstances and no further notice need be given; and after due deliberation and cause appearing therefore; it is hereby:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

1. <u>Jurisdiction.</u> This Court has core jurisdiction over the Chapter 11 Cases, the Motion, this Order and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are §§ 105(a), 363(b), 503(b), 507(a), and Rules 2002, 6004(h), 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2. <u>Notice.</u> The notice given by the Debtors of the Motion and the Hearing constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable local rules, and no other or further notice is necessary.

---

[4] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

A. **Findings**

1. The Debtors' decision to enter into each of the Restructuring Support Agreements is a sound exercise of their business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications.

2. The terms and conditions of each of the Restructuring Support Agreements are fair and reasonable and were negotiated at arm's length and in good faith.

3. The indemnification provisions contained in Section 29 of the Colony RSA and in Section 28 of the Noteholders RSA (collectively, the "Indemnification") and the payment of the Transaction Expenses are integral components of the transaction, without which the Administrative Agent and Consenting Lenders would not have entered into the Colony RSA and the Ad Hoc Noteholders Group and the Consenting Noteholders would not have entered into the Noteholders RSA.

4. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

5. The Motion is granted.

6. The Debtors are authorized to (i) assume the Colony RSA, (ii) assume the Noteholders RSA, (iii) comply with the terms thereof, (iv) effect the relief granted herein, and (v) take any and all actions necessary to implement the terms of each of the Restructuring Support Agreements.

7. The Debtors are authorized to pay the Transaction Expenses in accordance with the terms of each of the Restructuring Support Agreements. To the extent any Transaction Expenses were incurred prepetition and remain unpaid as of the date hereof, the Debtors are authorized to pay such Transaction Expenses within five (5) days of the date hereof. Without limiting any other provision of this Order, the Court finds that the Transaction Expenses provided under the Restructuring Support Agreements: (i) are necessary to the preservation of the Debtors' estates and are approved and allowed as Administrative Expenses pursuant to 11 U.S.C. §§ 503(b) and 507(a) of the Bankruptcy Code, and (ii) shall be payable pursuant to the terms of the respective Restructuring Support Agreements. Under no circumstances shall the Transaction Expenses be subject to any otherwise applicable set-off, counterclaim or recoupment. None of the Transaction Expenses shall be subject to further approval of the Court and no recipient of any Transaction Expenses shall be required to file any interim or final application with the Court as a condition precedent to the Debtors' obligation to pay Transaction Expenses. None of the Transaction Expenses shall be subject to avoidance under Sections 542, 547 or 548 of the Bankruptcy Code.

8. The Indemnifications contained in the Restructuring Support Agreements are hereby approved. The Debtors are authorized to indemnify each Indemnified Person in accordance with the terms of the respective Restructuring Support Agreements. Without limiting any other provision of this Order, the Court finds that the indemnification of the Indemnified Persons provided under the respective Restructuring Support Agreements is necessary to the preservation of the value of the estates and is approved and allowed as an

administrative expense pursuant to 11 U.S.C. §§ 503(b) and 507(a) of the Bankruptcy Code in the event that such indemnification obligation arises.

9. Notwithstanding Bankruptcy Rules 6004(h) and 6006, this Order shall take effect immediately upon its entry.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

11. All objections to the Motion or relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: __12/29__, 2011

/s/ _____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge